UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 13-589 |
| AUDUBON CAPITAL SBIC, L.P. | SECTION "F" |

ORDER

In connection with the Court's August 21, 2013 Order and Reasons, in which the Court granted the United States' motion for a permanent injunction and the appointment of a receiver, the Court enters into the record the following order, detailing the powers of the SBA as the receiver.

New Orleans, Louisiana, August 26, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| Plaintiff, | * | NO. 13-589 |
| VERSUS | * | SECTION "F" (2) |
| AUDUBON CAPITAL SBIC, L.P. | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER APPOINTING RECEIVER

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Audubon Capital SBIC, L.P. ("Audubon") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("the Receiver") of Audubon to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating in an orderly manner all of Audubon's assets and satisfying the claims of creditors thereof in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, managers, officers, directors, investment advisors and other agents of Audubon under applicable state and federal law, the Certificate of Limited Partnership and Agreement of Limited Partnership of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, managers, officers, directors, investment advisors and agents of Audubon are hereby dismissed. Such persons shall

have no authority with respect to Audubon's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Audubon and shall pursue and preserve all of its claims.

3. The past and/or present general partners, managers, officers, directors, investment advisors, agents, trustees, attorneys, accountants, and employees of Audubon, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Audubon and its assets and all other assets and property of the corporation, whether real or personal. The former General Partner and/or other agent of Audubon, shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of Audubon as well as the names, addresses and amounts of claims of all known creditors of Audubon. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Audubon are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known partners, officers, directors, agents, employees, shareholders, creditors and debtors of Audubon, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Audubon, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Audubon had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Audubon, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Audubon's past and/or present partners, officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Audubon and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall, upon reasonable notice, answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Audubon. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents,

3

information, or any other discovery concerning the assets, property or business operations of Audubon, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Audubon, the Receiver shall make its discovery request(s) in compliance with the notice, subpoena and other Federal Rules of Civil Procedure.

7. The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure proceedings or actions, default proceedings, or other actions of any nature involving Audubon or any assets of Audubon, including subsidiaries, partnerships and other business combinations of Audubon, wherever located, or involving Audubon, the Receiver, or any of Audubon's past or present officers, directors, managers, agents, limited partners or general partner (including the general partner and the members of Audubon's general partner) sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such proceeding, or from taking any action, in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure proceedings or actions, default proceedings, or other actions of any nature involving Audubon or any assets of Audubon, including subsidiaries, partnerships and other business combinations of Audubon, wherever located, and excluding the instant proceeding, or involving Audubon, the Receiver, or any of Audubon's past or present officers, directors, managers, agents, or limited partners or general partner (including the general partner of Audubon and the members of Audubon's general partner) sued for, or in connection with, any action taken by them while

acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts, agencies, arbitrations or other body having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. As to a cause of action accrued or accruing in favor of Audubon against a third person or party, any applicable statute of limitations is tolled during the period in which this injunction against the commencement of legal proceedings is in effect.

10. Audubon and its past and/or present managers, general partner or limited partners, officers, directors, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Audubon to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11. The Receiver is authorized to borrow on behalf of Audubon, from the SBA, up to $1,000,000, and is authorized to cause Audubon to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Audubon, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of Audubon.

5

12. This Court determines and adjudicates that Audubon has violated 13 C.F.R. §107.740, 13 C.F.R. § 107.1810 and 13 C.F.R. § 107.1830 of the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend that Audubon's license as an SBIC be revoked.

13. Judgment is hereby entered in favor of SBA and against Audubon in the amount of $14,492,033.53 as of March 31, 2013 consisting of $14,492,033.53 in principal, interest paid to date and a per diem rate of $2,2,31.86 through the date of judgment, less any payments received by SBA, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered.

This _26th_ day of _AUGUST_ 201_3_.

_[signature]_
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| Plaintiff, | * | NO. |
| VERSUS | * | SECTION |
| AUDUBON CAPITAL SBIC, L.P. | * | |
| Defendant. | * | |

**********************************************

## COMPLAINT

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the Plaintiff, the United States of America, on behalf of the U.S. Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the U. S. Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

2. Defendant, Audubon Capital SBIC, L.P. ("Audubon" or "Fund") is a Delaware limited partnership that maintains its principal place of business at 217 N. Columbia Street, Covington, Louisiana. Venue is proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

1

## Statutory and Regulatory Framework

3. Audubon was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on or about February 9, 2000 under SBIC License No. 06/06-0318 solely to do business under the provisions of the Act and the regulations promulgated thereunder.

4. Audubon's general partner is Audubon SBIC Partners, LLC, which is also located in Covington, Louisiana.

5. Section 8(a) of Audubon's SBIC License Application contains an acknowledgement by Audubon that it would operate in accordance with the Regulations and the Act at all times. Section 1.7 of Audubon's January 14, 2000 Agreement of Limited Partnership Agreement states that, in the event Audubon was licensed by the SBA as an SBIC, Audubon's sole purpose would be to operate as a small business investment company under the SBIC Act.

6. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers the SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

8. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided Leverage to Audubon through the purchase and/or guaranty of Debentures, a form of Leverage, as those terms are defined under the Regulations. Currently, Audubon has $14,600,000 in outstanding Debenture Leverage, plus $719,534.25 in accrued interest through March 15, 2013 with a per diem rate of $1,884.41 and $126,830.00 in SBA annual leverage fees, pursuant to 13 C.F.R.

§107.1130(d), for the periods September 1, 2012 and March 1, 2013, for a total outstanding amount of $15,446,364.25.

9. The Debentures referenced in paragraph 8, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. §§107.1810 and 1830, as well as 13 C.F.R. §107.507.

10. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Audubon may be forfeited.

11. Section 311 of the Act, 15 U.S.C. §687c, provides that, if the SBA determines that a Licensee, like Audubon, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then the SBA may apply to the federal district court in the jurisdiction in which the SBIC is located for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in, or is about to engage in, any such acts or practices. The Court is then authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE - DEFAULT

12. On or about September 4, 2002, Audubon issued Debenture No. 02000760 in the amount of $1.25 million that was guaranteed by SBA. The Debenture has a stated maturity date of September 1, 2012.

13. Audubon failed to repay the full amount of principal and interest due under Debenture No. 02000760 at maturity.

14. As a consequence of its failure to repay Debenture No. 02000760, Audubon is in default of the terms of its Leverage under 13 C.F.R. §107.1810 (f)(3)(2012), *Events of Default With Opportunity to Cure*.

15. By letter dated October 31, 2012, and in accordance with 13 C.F.R. §107.1810(g)(2)(i), *SBA Remedies for Events of Default with Opportunity to Cure*, SBA notified Audubon of its default and gave Audubon fifteen (15) days from the date of the letter to cure its default under Debenture No. 02000760.

16. Audubon has failed to cure its default under Debenture No. 02000760 and has failed to remit payment on the Debenture to date.

17. As a consequence of Audubon's failure to cure its default in violation of 13 C.F.R. §§107.1810 (f)(3), (g)(1)(2), of the Regulations, SBA is entitled to its appointment as the liquidating receiver of Audubon Capital SBIC, L.P. in accordance with 15 U.S.C. 687c.

## COUNT TWO - CAPITAL IMPAIRMENT

18. Section §107.1830(c) of the Regulations requires that Audubon not have a condition of Capital Impairment of greater than 40% (forty percent) as defined under the Regulations.

19. Based on Audubon's Statement of Financial Condition (SBA Form 468) for the period March 31, 2012 as well as a decline in asset value during the third quarter of 2012, by letter dated August 23, 2012 SBA notified Audubon that it had a condition of Capital Impairment, as Audubon's Capital Impairment percentage was 94%, greater than the 40% allowed under the Regulations.

20. By letter dated August 23, 2012, SBA notified Audubon of the regulatory violation and instructed Audubon to cure the violations within 15 (fifteen) days of the date of the letter.

21. Audubon failed to cure its condition of capital impairment. Consequently, on or about September 17, 2012, Audubon was transferred to SBA's Office of Liquidation.

22. By letter dated October 31, 2012, SBA informed Audubon of the transfer to liquidation and also informed Audubon that it was in violation of 13 C.F.R. §107.1810(f)(5) due to its excessive capital impairment ratio.

23. To date, Audubon has not cured its condition of Capital Impairment and remains in violation of 13 C.F.R. §§107.1810(f)(5), 107.1830 with a capital impairment percentage of 105% as of September 30, 2012.

24. As a consequence of Audubon's condition of capital impairment, and in accordance with 15 U.S.C. 687c, SBA should be appointed as the liquidating receiver of Audubon Capital SBIC, L.P.

## COUNT THREE - DEFAULT

25. By letter dated October 31, 2012, and in accordance with 13 C.F.R. §107.1810(g)(1), (2), SBA notified Audubon that, due its failure to comply with SBA's letter of August 23, 2012, Audubon's Debentures had been accelerated and that payment in full of the Debentures, consisting of $14,600,000 in principal plus $658,865.43 in accrued interest as of October 17, 2012 with a per diem rate of $1,884.41, was due fifteen (15) days from the date of the letter.

26. To date, Audubon has failed to repay the Debentures. Currently there remains $14,600,000 in outstanding Debenture Leverage, plus $719,534.25 in accrued interest through

5

March 15, 2013 with a per diem rate of $1,884.41 and $126,830.00 in SBA annual leverage fees, pursuant to 13 C.F.R. §107.1130(d), for the periods September 1, 2012 and March 1, 2013, for a total outstanding amount of $15,446,364.25.

27.  As a consequence of Audubon's default on the repayment of its Debentures in violation of 13 C.F.R. §107.1810(f)(3); g(1),(2), SBA is entitled to appointment as the liquidating receiver of Audubon Capital SBIC, L.P. in accordance with 15 U.S.C. 687c.

### COUNT IV – PORTFOLIO DIVERSIFICATION VIOLATION

28.  By letter dated August 23, 2012, SBA informed Audubon that it had violated 13 C.F.R. §107.740(a), *Portfolio Diversification ("overline" limitation)*, as a consequence of various investments made by Audubon a small business concern ("SBC") of Audubon's.

29.  In the August 23, 2012 letter, SBA informed Audubon that the total of its investments in the SBC was 33.3% of its Regulatory Capital, as that terms is defined at 13 C.F.R. §107.50, although the maximum percentage allowed under 13 C.F.R. §107.740(a) was 30%. SBA further reiterated that, since June, 2011, Audubon repeatedly violated the overline regulation and had failed to cure the violation, either by increasing its Regulatory Capital or decreasing its investment amount in the SBC.

30.  By letter dated October 31, 2012, SBA reiterated that the overline violation continued.

31.  To date, Audubon has failed to cure its overline violation

32.  As a consequence of Audubon's violation of 13 C.F.R. §107.740, SBA is entitled to the injunctive relief provided under 15 U.S.C. §687(d) and 687c, including the appointment of SBA as liquidating Receiver of Audubon.

6

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Audubon, its managers, general partner, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of any assets of the Fund; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any assets of the Fund, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Audubon's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. §687c, enter an Order and (1) take exclusive jurisdiction of Audubon and all of its assets, wherever located, (2) appoint SBA as receiver of Audubon for the purpose of marshaling and liquidating the assets of Audubon, satisfying the claims of creditors as determined by the Court; and (3) grant such other relief as appropriate under the Act and Regulations.

D. That this Court render Judgment in favor of SBA and against Audubon in the amount of $15,446,364.26 consisting of (a)$14,600,000 in principal, (b) $719,534.25 in accrued interest through March 15, 2013 with a per diem rate of $1,884.41 through the date of judgment and (c) $126,830.00 in SBA annual leverage fees plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered;

E. That this Court grant such other relief it deems just and proper.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

/S/ JASON M. BIGELOW
JASON M. BIGELOW (29761)
Assistant United States Attorney
650 Poydras Street, 16th Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3025
Fax: (504) 680-3174
Email: jason.bigelow@usdoj.gov

OF COUNSEL:

ARLENE M. EMBREY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, SW, Seventh Floor
Washington, D.C. 20416
T. 202.205.6976
F. 202.481.0324
Email: arlene.embrey@sba.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by ECF, facsimile, or mailing the same to each, properly addressed and postage prepaid this 1st day of April, 2013.

S/ JASON M. BIGELOW
JASON M. BIGELOW
Assistant United States Attorney



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR AUDUBON CAPITAL SBIC, L.P.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

RECEIVED
2013 AUG 28 P 12: 01
RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT

WRITER'S DIRECT TELEPHONE: (202) 205-7514                    FAX NUMBER: (202) 205-6957

August 27, 2013

Mr. Richard W. Wieking, Clerk of the Court         VIA UPS NEXT DAY DELIVERY
U.S. District Court for Northern California
450 Golden Gate Avenue, 16th Fl., Rm. 1111
San Francisco, CA 94102

CV 13 80 189 MISC JST

Notice to the Court per 28 U.S.C. § 754
United States of America v. AUDUBON CAPITAL SBIC, L.P.
U.S. District Court for Eastern Louisiana - Civil Action No. 2:13-cv-00589-MLCF-JCW

Dear Mr. Wieking:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for Eastern Louisiana, has taken exclusive jurisdiction of AUDUBON CAPITAL SBIC, L.P. ("Audubon") and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of AUDUBON may be located in your jurisdiction. We therefore are enclosing for filing, copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please ensure that the Complaint and Order establishing the Receivership is filed in your jurisdiction.

The United States District Court, in an order appointing SBA Receiver for AUDUBON, stayed all legal proceedings involving AUDUBON, and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to AUDUBON are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you there of.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _Angela G. Weigand-Brusch_
    Michele Long Pittman
    Chief, Corporate Liquidation and Receivership Operations
    Office of Liquidation